UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIJAH ZACKARY ROBINSON,

    Petitioner,

v.

NOAH NAGY,

    Respondent.

Case No. 20-13103
Honorable Laurie J. Michelson

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [1]**

Michigan prisoner Elijah Zackary Robinson, currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Robinson challenges his Wayne County Circuit Court conviction for carrying a concealed weapon. In his petition, Robinson raises claims concerning the effectiveness of trial counsel and the conduct of the trial judge. But the petition is premature. So it will be denied without prejudice.

Following his convictions and sentencing, Robinson filed an appeal of right with the Michigan Court of Appeals, which affirmed his conviction. *People v. Robinson*, No. 346390, 2020 WL 4722783 (Mich. Ct. App. Aug. 13, 2020) (unpublished). Robinson then filed an application for leave to appeal with the Michigan Supreme Court, which remains pending. (*See* ECF No. 1, PageID.2); *see also* Docket, *People v. Robinson*, No. 162089 (Mich. Oct. 8, 2020) (accessed on Dec. 3, 2020). Robinson also states that he filed a motion for relief from judgment with the state trial court, which was denied on October 13, 2020 (*see* ECF No. 1, PageID.3–4) and that he filed a motion for reconsideration, which also remains pending (*see id.* at PageID.5).

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See* Rule 4, Rules Governing § 2254 Cases; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that under § 2243, the district court has a duty to screen out a habeas corpus petition which is meritless on its face)).

Robinson's habeas action is premature. He has not yet exhausted his available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Robinson must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (internal citations omitted). But Robinson's application for leave to appeal is still pending before the Michigan Supreme Court. So he does not meet the exhaustion requirement. The only exceptions to this exhaustion rule are if there is no available state corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* at § 2254(b)(1)(B). Robinson has not made any showing that an exception applies in his case.

Thus, the Court finds that this habeas action is premature because Robinson has not fully exhausted his habeas claims in the state courts. Accordingly, the Court DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Robinson's claims.

The Court also declines to issue a certificate of appealability as reasonable jurists could not debate the correctness of the Court's procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

Lastly, the Court believes that an appeal of this order cannot be taken in good faith. Fed. R. App. P. 24(a). Accordingly, the Court DENIES Robinson leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: December 4, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
